UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(BALTIMORE DIVISION)

| | | |
|---|---|---|
| **REGINA FRANCO JURADO** | * | |
| **7819 Bank Street** | * | |
| **Baltimore, Maryland 21224** | * | |
| | * | |
| **Plaintiff,** | * | |
| **v.** | * | **CASE NO.:** |
| | * | |
| **BOTTOMS UP GENTLEMEN'S** | * | |
| **CLUB, LLC** | * | |
| **415 ½ E Baltimore Street** | * | |
| **Baltimore, Maryland 21202** | * | |
| | * | |
| **SERVE:  Fred Beasley** | * | |
| **816 W Lombard Street** | * | |
| **Apt. Rear** | * | |
| **Baltimore, Maryland 21201** | * | |
| | * | |
| **And** | * | |
| | * | |
| **CHEZ JOEY, LLC** | * | |
| **415 E. Baltimore Avenue** | * | |
| **Baltimore, Maryland 21202** | * | |
| | * | |
| **SERVE:  Mario Teresi, Sr.** | * | |
| **3926 E. Pratt Street** | * | |
| **Baltimore, Maryland 21224** | * | |
| | * | |
| **Defendants.** | * | |

## COMPLAINT

1.      This action arises from Plaintiff Regina Franco Jurado's ("Plaintiff") employment with Defendants Bottoms Up Gentlemen's Club, LLC d/b/a the Bottoms Up Club ("Bottoms Up") and Chez Joey, LLC d/b/a Chez Joey ("Chez Joey"), both operating at 415 East Baltimore Street, Baltimore, Maryland 21202 ("Defendants" or "the Clubs") during the period of at least July 2021, through June 2023 ("the relevant period").

2.      During the relevant period, Defendants failed to pay Plaintiff any direct wages for the hours Defendant employed Plaintiff to perform interchangeably within both the Clubs as required by the Fair Labor Standards Act of 1938, as amended, ("FLSA"), the Maryland Wage Hour Law ("MWHL"), and the Maryland Wage Payment Collection Law ("MWPCL").

3.      Plaintiff brings this action against Defendants under the FLSA, MWHL, and MWPCL, for recovery against Defendants, jointly and severally, of earned and unpaid minimum wage compensation, plus statutory liquidated damages, interest, costs, attorneys' fees, and/or any such other relief the Court may deem appropriate.

## JURISDICTION AND VENUE

4.      This Court has original jurisdiction to hear this complaint and to adjudicate the claims stated herein under 28 U.S.C. §1331, this action being brought under the FLSA, 29 U.S.C. §201, *et seq*.

5.      The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367, as they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6.      Venue is proper pursuant to 28 U.S.C. §1391(b) and (c) in the U.S. District Court for the District of Maryland, Baltimore Division, because a substantial part of the events or omissions giving rise to the claims occurred within Baltimore City, Maryland, and Defendants have had substantial and systematic contacts within Baltimore City, Maryland, within the relevant period.

## PARTIES

7.      Bottoms Up is a limited liability company, formed under the laws of the State of Maryland, with its principal place of business in Baltimore City, Maryland.

8.      Chez Joey is a limited liability company, formed under the laws of the State of Maryland, with its principal place of business in Baltimore City, Maryland.

9.      During the relevant period, Defendants owned and operated both of the Clubs as strip clubs, featuring nude and semi-nude female exotic dancers performing provocative and/or erotic dances for the entertainment of Defendants' customers.

10.     During the relevant period, both Defendants qualified as Plaintiff's joint employer and/or as a single-employer enterprise under the FLSA, MWHL, and MWPCL.

11.     During the relevant period, both Defendants' common ownership, managers, and/or agents oversaw, directed, and otherwise controlled the operations of both of the Clubs and the terms and conditions of Plaintiff's employment.

12.     During the relevant period, both Defendants' common ownership, managers, and/or agents held full authority and control to set and/or modify Plaintiff's work duties, work responsibilities, work hours, and rate and method of compensation.

13.     During the relevant period, both Defendants' common ownership, managers, and/or agents had full power and authority to hire, fire, and discipline Plaintiff and/or alter the conditions of Plaintiff's employment.

14.     During the relevant period, both Defendants, through common ownership, managers, and/or agents, owned and operated both of the Clubs cooperatively and in concert and not in competition with one-and-other.

15.     During the relevant period, both Defendants employed Plaintiff to perform employment duties for the benefit of both Defendants interchangeably within both of the Clubs under Defendants' common ownership, management, and/or supervisors' direction, management, supervision, and instruction.

16.     During the relevant period, Defendants operated both of the Clubs at a single business location, 415 E Baltimore Street, Baltimore, Maryland 21202, a business address owned or leased, operated, and controlled by both Defendants' common ownership or management.

17.     During the relevant period, Defendants shared common accountant/bookkeeper and similar administrative and bookkeeping tools to make general business and/or operational decisions for the primary benefit of both Defendants jointly operating both of the Clubs common ownership and management.

18.     Plaintiff is an adult resident of Baltimore, Maryland.

19.     By acting as the named Plaintiff and affixing her names to the caption in this pleading, Plaintiff provides the Court with her written consent to prosecute her claims against Defendants for unpaid wages and damages under the FLSA and Maryland law.

## FACTS AND ALLEGATIONS

20.     During the relevant period, both Defendants commonly and concurrently employed Plaintiff as a bartender to perform bartender employment duties interchangeably within both of the Clubs under Defendants' common supervision, management, direction, and control.

21.     During the relevant period, both Defendants commonly scheduled and directed Plaintiff to customarily work interchangeably within both of the Clubs under Defendants' common supervision, management, direction, and control, for about two (2) to three (3) shifts per week, typically from about 7:30 PM, until between 2:30 AM – 4:00 AM, for an average total of about fifteen (15) to twenty (20) hours per week.

22.    During the relevant period, both Defendants had actual knowledge of all hours Plaintiff worked within both off the Clubs each shift and each week and suffered or permitted Plaintiff to work all hours as herein alleged.

23.    During the relevant period, both Defendants, individually and collectively, qualified as an enterprise engaged in commerce as defined by the FLSA.

24.    During the relevant period, both Defendants' common individual owner, Ernest Hatmaker, acting primarily from his home or office in Ohio, and through his common managers, supervisors, and agents within Maryland, directed, oversaw, managed, and administered the operations of both of the Clubs.

25.    During the relevant period, as an essential part of their employment duties, Plaintiff and Defendants' other bartender employees took and processed cash and credit card payments and transactions from Defendants' customers within both of the Clubs.

26.    During the relevant period, as an essential part of their employment duties, Plaintiff and Defendants' other bartender employees handled, poured, and served beer, liquor, and non-alcoholic beverages to Defendants' customers within both Clubs that was brewed/distilled outside of Maryland.

27.    In each year during the relevant period, Defendants realized gross sales or revenue arising from Defendants operation of both of the Clubs exceeding $500,000.00.

28.    During the relevant period, Defendants paid Plaintiff no direct wages as compensation for Plaintiff's performed bartender and other related employment duties performed at Defendants' direction and under Defendants' common supervision, management, direction, and control, interchangeably within both of the Clubs.

29.     During the relevant period, Plaintiff earned money for performing bartender and other related employment duties interchangeably within both of the Clubs exclusively in the form of tips paid directly to Plaintiff from Defendants' customers and tips paid by Defendants' customers to Defendants' exotic dancers and other employees that Defendants deducted or withheld from Defendants' exotic dancers and other employees and assigned directly to Plaintiff.

30.     During the relevant period, Defendants violated Plaintiff's FLSA Federal Minimum Wage Rights because Defendants commonly failed to pay Plaintiff wages at an hourly rate at least equal to the Federal Minimum Wage for all hours Plaintiff worked for Defendants' common benefit interchangeably within both of the Clubs under Defendants' common supervision, management, direction, and control.

31.     During the relevant period, Defendants violated Plaintiff's MWHL Maryland Minimum Wage Rights because Defendants commonly failed to pay Plaintiff wages at an hourly rate at least equal to the Maryland Minimum Wage for all hours Plaintiff worked for Defendants' common benefit interchangeably within both of the Clubs under Defendants' common supervision, management, direction, and control.

32.     During the relevant period, Defendants violated Plaintiff's MWPCL Maryland Wage Payment Rights because each pay period of Plaintiff's employment, and following the conclusion of Plaintiff's employment, Defendants commonly failed fully and timely pay Plaintiff all of her earned and Maryland-required wages for all hours Plaintiff worked for Defendants' common benefit interchangeably within both of the Clubs under Defendants' common supervision, management, direction, and control.

33.     During the relevant period, Defendants had actual knowledge their failure to pay Plaintiff wages for hours worked was in direct violation of Defendants' wage payment requirements and Plaintiff's wage payment rights set forth under the FLSA, the MWHL, and the MWPCL.

34.     During the relevant period, Defendants' violations of the FLSA, MWHL, and MWPCL, as set forth in this pleading, were willful and in bad faith, and have caused significant damages to Plaintiff.

35.     Arising from the foregoing, both Defendants owe Plaintiff earned back wages equal to the full applicable minimum wage for all hours Plaintiff worked for Defendants' common benefit interchangeably within both of the Clubs under Defendants' common supervision, management, direction, and control during the relevant period, plus statutory liquidated damages, interest, and Plaintiff's attorney's fees and costs.

**COUNT I**
**Violation of the Fair Labor Standards Act of 1938 as Amended**

36.     Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

37.     During the relevant period, both Defendants individually and collectively qualified as Plaintiff's employer, joint employer, and/or single enterprise employer under the FLSA.

38.     As a result of the above-alleged practices, during the relevant period, Defendants violated the FLSA by failing to pay Plaintiff earned wages for all hours worked within both of the Clubs at a direct hourly wage rate at least equal to the Federal Minimum Wage Rate.

39.     Defendants now owe Plaintiff earned and unpaid back wages under the FLSA for all hours Plaintiff worked within both of the Clubs during the relevant period.

40.    Prior to and during the relevant period, Defendants had actual and/or constructive knowledge of the FLSA minimum wage and related wage payment requirements, and Defendants' failure to abide by the same in compensating Plaintiff was willful, knowing, and intentional or, at minimum, reckless.

41.    Defendants' failure to properly compensate Plaintiff during the relevant period as required by the FLSA was not the product of good faith on the part of Defendants.

## COUNT II
### Violation of Maryland Law – Unpaid Minimum Wages (MWHL)

42.    Plaintiff re-alleges and incorporates all previous paragraphs as if they were set forth herein.

43.    During the relevant period, Plaintiff performed employment duties within the State of Maryland for Defendants' primary benefit within both of the Clubs.

44.    During the relevant period, both Defendants individually and collectively qualified Plaintiff's employer, joint employer, and/or single enterprise employer under the MWHL.

45.    As a result of the above-alleged practices, during the relevant period, Defendants violated the MWHL by failing to pay Plaintiff earned wages for all hours worked within both of the Clubs at a direct hourly wage rate at least equal to the Maryland Minimum Wage Rate.

46.    Defendants now owe Plaintiff earned and unpaid back wages under the MWHL for all hours Plaintiff worked within both of the Clubs during the relevant period.

47.    Prior to and during the relevant period, Defendants had actual and/or constructive knowledge of the MWHL minimum wage and related wage payment requirements, and Defendants' failure to abide by the same in compensating Plaintiff was willful, knowing, and intentional or, at minimum, reckless.

48.     Defendants' failure to properly compensate Plaintiff during the relevant period as required by the MWHL was not the product of good faith on the part of Defendants.

## COUNT III
### Violation of Maryland Law
### Failure to Pay Full and Timely Wages Required by Maryland Law (MWPCL)

49.     Plaintiff re-alleges and incorporates all previous paragraphs as if they were set forth herein.

50.     During the relevant period, Plaintiff performed employment duties within the State of Maryland for Defendants' primary benefit within both of the Clubs.

51.     During the relevant period, both Defendants individually and collectively qualified Plaintiff's employer, joint employer, and/or single enterprise employer under the MWPCL.

52.     As a result of the above-alleged practices, during the relevant period, Defendants violated the MWPCL by failing to fully and timely compensate Plaintiff all earned wages as required by Maryland law for all hours Plaintiff worked within both of the Clubs at a direct hourly wage rate at least equal to the Maryland Minimum Wage Rate.

53.     Defendants now owe Plaintiff earned and unpaid back wages under the MWPCL for all hours Plaintiff worked within both of the Clubs during the relevant period.

54.     Defendants' failure to full and timely pay Plaintiff her earned and Maryland-required wages each pay period during the relevant period as required by the Maryland law and the MWPCL was willful, intentional, not the product of good faith on the part of Defendants or a *bona fide* dispute by or between Defendants and Plaintiff.

**REQUEST FOR RELIEF**

**WHEREFORE**, Plaintiff request the following relief:

a) An order finding that Defendants violated Plaintiff's Federal and Maryland Minimum Wage and wage payment under the FLSA, MWHL, and the MWPCL;

b) An order finding Defendants' violations of Plaintiff's Federal and Maryland Minimum Wage and wage payment under the FLSA, MWHL, and MWPCL were willful, intentional, and not the product of good faith or a *bona fide* dispute by or between Plaintiff and Defendants;

c) Judgment in favor of Plaintiff against Defendants, jointly and severally, in the amount of all earned wages due and owing by Defendants to Plaintiff for all hours worked within the Clubs during the relevant period.

d) Judgment in favor of Plaintiff and against Defendants, jointly and severally, in the full amount of all available liquidated damages and penalties as provided under the FLSA, MWHL, and MWPCL;

e) Judgment in favor of Plaintiff and against Defendants, jointly and severally, in the amount of all costs and attorney's fees incurred by Plaintiff's counsel related to the successful prosecution Plaintiff's claims, to be determined by post-judgment petition; and

f) Such further relief as the Court deems just and equitable.

Dated this 19th day of July, 2024          Respectfully submitted,

                                                      ZIPIN, AMSTER & GREENBERG, LLC

                                                      ___/s/_Gregg C. Greenberg_____
                                                      Gregg C. Greenberg
                                                      Maryland Federal Bar No. 17291
                                                      8757 Georgia Avenue, Suite 400
                                                      Silver Spring, Maryland 20910
                                                      Telephone: 301-587-9373
                                                      Fax:  240-839-9142
                                                      Email:  ggreenberg@zagfirm.com

                                                      *Counsel for Plaintiff*